UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

ELNORA WILLIAMS,

                Plaintiff,

v.                                               **ORDER**
                                                12-CV-411S

FORD MOTOR COMPANY,

                Defendant.

1.      On July 2, 2012, this Court referred the matter to the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) to prepare and file a report and recommendation containing findings of fact, conclusions of law and a recommended disposition on any dispositive motion. Defendant filed a motion for summary judgment dismissing Plaintiff's Amended Complaint in this employment discrimination action on July 15, 2013.

2.      On January 14, 2014, Judge Schroeder filed a Report and Recommendation recommending that Defendant's motion for summary judgment be granted. Pursuant to 28 U.S.C. § 636(b)(1)(C), any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen days after being served with a copy. Local Rule of Civil Procedure 72(b) further requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." After *de novo* review of those portions of the report and recommendation to which proper objections are made, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." See 28 U.S.C. § 636(b)(1)(C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). Plaintiff timely filed objections to Judge Schroeder's Report and Recommendation on January 28, 2014

      3.     Plaintiff first objects to the Magistrate Judge's conclusion that Plaintiff failed to establish a prima facie case of discrimination based on the denial of overtime. (Docket No. 32 at 3, 9.) She argues that, in so concluding, Judge Schroeder impermissibly resolved the factual and credibility issues raised by the parties' differing interpretations of overtime records.  However, no material issue of fact exists on this issue.  The testimony of David Yonkosky, on which Plaintiff relies, was that Plaintiff did receive "overtime occasionally but not as much as [the] day shift.  *You could check your records*, and you could see that." (Docket No. 32 at 9 (citing Yonkoski Dep at 39, Docket No. 28-9 (emphasis added).)  There is no indication that Yonkosky interpreted or called into question the contents of the overtime records ultimately submitted by Defendant, he simply confirmed that such records existed.

      Similarly, although Plaintiff's assertion that she "consulted the hourly work records H-719 forms in the union office at the plant" implies that there are different records than those submitted by Defendant, no such records were provided by Plaintiff. (Pl's Aff ¶ 46, Docket No. 28-3.)  Her further assertions that she worked fewer overtime hours than others are unsupported by any other evidence and belied by the records submitted by Defendant, which the company asserts are in fact H-719 forms.  Therefore Plaintiff's claim of discrimination in the allocation of overtime fails.

4. Contrary to Plaintiff's next objection, the Magistrate Judge correctly concluded that, even assuming that the elimination of the first shift position was an adverse employment action, the elimination of that shift did not occur under circumstances giving rise to an inference of discrimination. Although Plaintiff asserts that a younger, white male was being considered for a first shift position over her despite her seniority, it is undisputed that the position was eliminated. See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985), *cert denied*, 474 U.S. 829 (1985) (summary judgment properly denied in the absence of concrete particulars regarding alleged disparate treatment). Further, although Plaintiff asserts that a conversation in which Yonkosky participated establishes discriminatory animus, Yonkosky testified that this conversation took place after management made the decision to eliminate the first shift. (Yonkosky Dep at 61-63.)

5. Plaintiff further argues that Judge Scroeder failed to consider additional instances when she was denied training by Defendant, including "being denied training on the electric forklifts, and being denied training on internal combustion vehicles, diesel, and PCs." (Docket No. 32 at 6-7.) In addition to the conclusory nature of these allegations, which are not further developed by the deposition testimony on which Plaintiff relies, the Magistrate Judge correctly concluded that Plaintiff failed to sufficiently allege that any material harm resulted from the purported failure to train. See Hill v. Rayboy-Brauestein, 467 F. Supp. 2d 336, 352 (S.D.N.Y. 2006) (lack of training not an adverse employment action absent a showing of material harm, such as a failure to promote or loss of career advancement opportunities). Although Plaintiff argues that such failure resulted in the denial of overtime opportunities, (Docket Nos. 28 at 15; 32 at 6), as concluded above, overtime records establish that she was not disparately denied such opportunities.

6.     Finally, Plaintiff objects to the dismissal of her retaliation claim, arguing that she in fact established two separate instances of impermissible retaliation. Even assuming that the June 2009 shift change was retaliatory, Plaintiff concedes that Defendant's Human Resources department immediately rectified her supervisor's change and restored her to her preferred shift. (Am. Compl. ¶¶ 38-41; Docket No. 28 at 5, 19-20.) It is also undisputed that the truck battery incident that led to Plaintiff's June 2011 discipline was already under investigation at the time she complained to Human Resources. (Def's Fact St ¶¶ 62-65, Docket No. 23; Pl's Fact St 62-65.) Further, it is unclear from Plaintiff's testimony whether this complaint was founded on race, gender, or age discrimination, or simply her belief that the allegation of misconduct was baseless. (Pl's Dep at 349-51, Docket No. 25-2); see e.g. Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998) ("[I]mplicit in the requirement that the employer [was] aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII.") Finally, as Judge Schroeder concluded, Plaintiff has failed to support her conclusory assertion that younger white males were disciplined less severely for the same conduct with any specific evidence. Meiri, 759 F.2d at 998.

IT HEREBY IS ORDERED, that this Court ACCEPTS Judge Schroeder's January 14, 2014 Report and Recommendation (Docket No. 31) in its entirety;

FURTHER, that Plaintiff's Objections (Docket No. 32) are DENIED.

FURTHER, that Defendant's motion for summary judgment dismissing the Amended Complaint (Docket No. 21) is GRANTED and the amended complaint is dismissed;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: April 17, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
